# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:07-CV-431-DCK

| | |
|---|---|
| THOMAS GIBLIN, III, THOMAS GIBLIN, IV, ) <br> and REBECCA GIBLIN, Individually and as ) <br> Personal Representative of the ESTATE OF ) <br> RACHEL REYNOLDS GIBLIN, ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> NATIONAL MULTIPLE SCLEROSIS ) <br> SOCIETY, INC., ) <br> ) <br> **Defendant.** ) <br> ) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiffs' Motion To Compel Responses To Interrogatories And Requests For Production And Request For Case Management Conference" (Document No. 27), filed April 23, 2008; "Defendant's Response To Plaintiffs' Motion To Compel Responses To Interrogatories And Requests For Production, And Request For Case Management Conference" (Document No. 28), filed May 7, 2008; "Defendant's Supplemental Response To Plaintiffs' Motion..." (Document No. 29), filed July 3, 2008; and "Plaintiffs' Reply To Defendant's Response To Plaintiffs' Motion To Compel Responses To Interrogatories And Requests For Production" (Document No. 33), filed August 15, 2008. The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and this motion is ripe for disposition.

Having carefully considered the arguments, the record, and the applicable authority, the undersigned will <u>grant</u> the motion to compel.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that

> is relevant to any party's claim or defense - including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in this action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a litigant is not entitled to conduct discovery that is intended to harass, annoy, embarrass, oppress or, that causes undue burden or expense to the opposing party. See Fed.R.Civ.P. 26(c).

Whether to grant or deny a motion to compel is generally left within the district court's broad discretion. See, Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting district court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

In the instant case, Defendant contends that the Plaintiffs' requests "are clearly overly broad, unduly burdensome to the Defendant, entirely irrelevant to the allegations in this matter, and not reasonably calculated to lead to the discovery of admissible evidence." (Document No. 28 at 5). The undersigned respectfully disagrees.

Based on the Plaintiff's most recent filing (Document No. 33), it is the understanding of the Court that the parties have narrowed the issues somewhat from those identified in the motion to compel. The Court commends the parties' efforts to resolve their differences. Apparently, the

remaining disagreements involve two areas: (1) concerns expressed about the "Breakaway to the Beach" route between 1997-2003; and (2) Defendant's national safety/injury records.

After careful consideration, the undersigned finds that the remaining information sought by Plaintiffs regarding correspondence or records within the past ten (10) years related to the section of the bicycle route where Rachel Giblin was killed, and records regarding the number and type of injuries sustained by other MS event participants within the past ten (10) years, should be produced. The Court finds these requests to be consistent with the standard set forth in Fed.R.Civ.P. 26.

**IT IS, THEREFORE, ORDERED** that "Plaintiffs' Motion To Compel Responses To Interrogatories And Requests For Production And Request For Case Management Conference" (Document No. 27) is **GRANTED**, to the extent identified herein.

Signed: August 18, 2008

David C. Keesler
United States Magistrate Judge